UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.5:07CR108 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| RICHARD K. BORING, | ) | OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Objections of Defendant Richard K. Boring, to the Report and Recommendation of the Magistrate Judge recommending Defendant owes the Plaintiff $32,097.02 in restitution. For the following reasons, the Court Accepts and Adopts with modification, the Report and Recommendation of the Magistrate Judge.

The Magistrate Judge's Report and Recommendation accurately recites the relevant facts of this case, therefore, the Court will not repeat them in this Opinion. The facts relevant to this Opinion are as follows: a jury found Defendant guilty of one count of mail fraud, eight counts of workers' compensation fraud and one count of making false statements to federal agents. This Court ordered Defendant to pay restitution in the amount of $37,355.27, which constituted the

1

entire amount Defendant received from the Department of Labor plus a seven percent administrative fee.   The Sixth Circuit upheld the conviction but reversed on the amount of restitution, finding that Defendant could not be required to repay those monies received from the Department of Labor to which he was legitimately entitled.  The Sixth Circuit ordered this Court to subtract from the Court's original restitution award those monies Defendant received when he was legitimately recovering from shoulder surgeries and was unable to work, and if necessary, recalculate the Sentencing Guidelines.

Upon remand, the Court ordered the parties to brief the issue of restitution.  The government argues Defendant can only prove he was entitled to compensation for two weeks after each surgery (Defendant had four procedures on his shoulder in a four year period) based on the testimony of his physician.  Defendant contends he is entitled to the entire amount of payments minus three payments of $500.00 he received as outside compensation and failed to report.  Defendant contends the jury did not find him guilty of false representation of his medical condition and it was his employer's obligation to inform him of limited duty positions available to him.  Defendant argues that because the postal service did not offer him a limited duty position he was under no obligation to take a limited duty position.

On May 1, 2009, the Court referred the restitution issue to the Magistrate Judge and on May 15, 2009, the Magistrate Judge issued her Report and Recommendation, recommending Defendant pay $32, 097.02 in restitution and further recommended the original Sentencing Guideline calculation be reaffirmed.

The Magistrate Judge determined that, although Defendant did not make an affirmative misstatement of his medical condition to his physician, he was less than forthright with his

physician on what he was able to do and what limited duty jobs were available.  The physician testified that Defendant's subjective statements played a significant part in the physician's recommendations.  Thus, the Magistrate Judge concluded a jury could determine Defendant did not make a false representation but still mislead his own physician regarding what he was capable of doing and what types of limited duty positions were available to him.

A government witness testified that Defendant's physician reported Defendant as totally disabled therefore, the government could not offer him limited duty work since limited duty work is only available to employees no longer considered totally disabled.  Therefore, Defendant's failure to accurately report his abilities to his physician prevented his physician from accurately assessing Defendant's condition and precluded the postal service from offering Defendant a limited duty assignment.

The Magistrate Judge further found that the Federal Employees Compensation Act (FECA) requires employees seek limited duty work as soon as they can do so and found Defendant failed to seek limited duty work.

Finally, the Magistrate Judge found Defendant's physician testified that, knowing what he knows now, as a result of the testimony at trial, he would have kept Defendant off work for two to three weeks after each surgery.  Because the Magistrate Judge felt it is impossible to know when Defendant could have returned to limited duty work, the only reliable evidence is the testimony of the physician.  Therefore, the Magistrate Judge made the restitution calculation based on a two week recovery period after each of the four surgeries.

Defendant timely filed his Objections to the Magistrate Judge's Report and Recommendation.  Defendant first contends the Sixth Circuit decision only requires Defendant

to repay income he received from outside employment while he was convalescing. Therefore, Defendant argues he only needs to pay $1500.00 in restitution for monies received from the schools where he coached sports.

Defendant contends the United States Postal Services ("USPS") handbook EL-505 places the burden on the postal service to offer a limited duty job and not on the employee to request a limited duty position. He further contends the Employee and Labor Relations Manual requires the USPS monitor the employee's medical condition and determine return to work capability by requesting periodic medical reports. Defendant contends the record is devoid of any such requests therefore, Defendant was not required to inquire of limited duty work and any monies given him were justly received.

Defendant also cites to the testimony of Defendant's surgeon at trial wherein the physician stated the normal recovery time for the procedures performed on Defendant is six weeks to three or four months. He contends the Court should not give the government the benefit of the doubt and go with the low end of the recovery time stated by Defendant's physician.

Defendant further argues the Magistrate Judge assumed, without any evidentiary support, that Defendant could do limited work and that limited work was available. Also, Defendant objects to the Magistrate Judge's speculation on what Defendant's physician might have done had he known the true extent of Defendant's capabilities and the true nature of the limited duty work available. Defendant contends the Magistrate Judge also failed to consider lead up time to Defendant's third surgery where the doctor ordered Defendant to stay home from work until the USPS authorized the surgery which resulted in an extended absence. Finally, Defendant objects

to the administrative fee because he contends no proof of payment by the USPS was offered at trial.

## ANALYSIS

### What worker's compensation payments must be repaid under the Sixth Circuit opinion

Defendant contends the only monies to be repaid are those funds he accepted for coaching sports during the time of his convalescence, i.e. $1500.00.  Because the government conceded Defendant's four surgeries were legitimate Defendant contends he should not have to repay any amounts received for his recovery from those surgeries.  The government contends that Defendant's ability to do limited duty work was established at trial and his physician testified that had he known Defendant could perform like he did on the sports fields and had he known the opportunities for limited duty work, he would have recommended Defendant perform limited duty two to three weeks after his surgeries.

Because the Sixth Circuit remanded the case for the court to calculate restitution based on the amount of time Defendant was legitimately recovering from the surgeries and unable to work, its order clearly contemplates the Court may order restitution for the times Defendant was not legitimately recovering and able to work.  Therefore, the Court agrees with the Magistrate Judge and the government that Defendant's restitution may include those periods when he was able to return to limited duty.

### Who had the burden to offer/seek limited duty work

It is undisputed that it is the government's burden to show, by preponderance of the evidence, the loss sustained by a victim as a result of Defendant's offense.  Mandatory Victim Restitution Act of 1996, 18 U.S.C. § 3664(e).  Defendant contends he had no duty to seek or

inquire of limited duty positions as the USPS handbook places the onus on the employer to offer a limited duty position.  The Magistrate Judge relied on trial testimony from an agent with the Inspector General's office wherein the agent stated the Federal Employee Compensation Act requires the employee seek limited duty employment.  Furthermore, since Defendant was not forthright with his physician on his condition, the physician informed USPS Defendant was totally disabled, therefore, USPS had no obligation to offer any limited work duty.

The Court finds the testimony at trial supports the conclusion that Defendant's failure to accurately represent his condition to his physician and failure to inform his physician of other limited duty work resulted in the physician representing to USPS that Defendant was totally disabled.  Such a designation places no duty on the USPS to offer limited duty.  Furthermore, trial testimony supports the conclusion that Defendant had the obligation to seek limited duty assignments.  Finally, as the Sixth Circuit opinion stated, trial testimony by Defendant's supervisor demonstrated that Defendant was offered limited duty employment.

The Court also agrees with the Magistrate Judge that a two to three week recovery period is all that Defendant is entitled to in calculating his compensation based on his physician's testimony that two to three weeks is sufficient recovery as long as appropriate limited duty is available.

The physician testified:

Q. And, again, if you had known, do you have an opinion -- if you had been aware that other accommodations could have been made by the United States Postal Service short of casing mail, would you have approved him to return to work sooner after the surgeries than you did?

A. Yes, I think so. For the first two weeks, I would have kept anybody off just

6

>because typically it's a pretty uncomfortable procedure, and I don't think it's fair to send somebody back to work in the first two or three weeks if they're really uncomfortable, but if truly limited-duty jobs are available, one-handed jobs or jobs where you don't use your hands at all, then you could go back.

This presents an issue on the calculation. The government contends and the Magistrate Judge agrees that the Court should give Defendant two weeks after each of the four surgeries. When added with the 7% administration fee the total amount of restitution owed, according to the Magistrate Judge, is as follows:

$1,191.06 two weeks following the first operation
$1,236.87 two weeks following the second operation
$1,208.71 two weeks following the third operation
$1,258.92 two weeks following the fourth operation
_____
$4,895.56 aggregate amounts from four operations
X 1.07 multiplier to include 7% administrative fee for the above total
_____
$5,238.25 total amount of legitimate compensation.

This amount, as determined by the Magistrate Judge, "is to be subtracted from restitution award based upon periods of time where defendant was legitimately recovering from his surgeries and unable to work in any capacity." The Magistrate Judge then determined that the amount Defendant owed in restitution is $32,097.02.

Because the physician's testimony equivocates between two and three weeks of recovery time after each of Defendant's four surgeries and because it is the government's burden to demonstrate by a preponderance of the evidence the restitution owed, the Court modifies the restitution amount recommended by the Magistrate Judge, giving the Defendant the benefit of two and one half weeks of compensation for legitimate post-surgery recovery. Therefore, the Court calculates the restitution amount owed by Defendant as $30,787.46

**The Seven Percent Administrative Fee**

7

Defendant challenges the Court's assessment of the seven percent administrative fee to be included in the restitution calculus.  Defendant argues the government never produced evidence that this fee was assessed to the postal service.  The government argues Defendant failed to object to the fee at the presentencing hearing when it was included in the presentence report, therefore, his objection is untimely.  Furthermore, the government contends there was testimony about the fee at the sentencing where counsel stated on the record that the Department of Labor routinely charges agencies a seven percent fee for worker's compensation payments. Therefore, the government contends it has met its burden.

The Court finds Defendant did not object to the administrative fee at sentencing, did not object after the remand when the Court sent the matter to the Magistrate Judge and does not appear to have objected to the administrative fee in his appeal to the Sixth Circuit (It was not discussed in the Sixth Circuit opinion).  In reviewing relevant case law the Sixth Circuit has held, "at sentencing, the Court may accept any undisputed portion of the presentence report as a finding of fact."  *United States v. Swanberg,* 370 F.3d 622, 625 (6th Cir. 2004).  *United States v. Melville,* 935 F.2d 271, (6th Cir. 1991) (" failure to object to the presentence report waives any further objection") citing *United States v. Velasquez,* 868 F.2d 714, 715 (5th Cir.1989). Therefore, it appears Defendant has waived this objection.   The only portion of the trial transcript in which the seven percent administrative fee is discussed is testimony from the witness from Office of Workers Compensation wherein he states,

> Q. How is this program financed? In other words, you pay out money to an injured employee. How is it financed?
> A. The agency that the employee is from reimburses OWCP dollar for dollar for everything that is spent, plus a 7 percent administration fee on top of that.

8

The Court finds Defendant has waived his objection to the seven percent administrative fee and also finds sufficient evidence in the record to support the government's contention that the employee's agency routinely pays the OWCP a seven percent administrative fee on top of the underlying payments.

**Four month layoff prior to Defendant's third surgery**

In addition, there is also some question regarding another period of time in 2003 that Defendant contends should be considered as legitimate, compensable time off. There was a four month period that Defendant contends was legitimate time off work prior to and after his third surgery. Defendant argues his physician told him to take time off until the government authorized the surgery. The government wanted a second opinion and would not authorize the third surgery until Defendant was seen by another physician. The government contends Defendant could still have done limited duty work so the time period is not exempt.

The Court agrees with the government. A postal inspector testified and produced videotape evidence that in May of 2003 Defendant was driving, pumping gas and engaging in general daily activity. His supervisor testified that he spoke to Defendant in May of 2003 when he received the doctor's notice that Defendant must be off work completely. He asked Defendant if he could just answer phones. Defendant said he couldn't. The Magistrate Judge's recommendation does not recommend Defendant be compensated for this period of time. The Court agrees and finds Defendant's objection is baseless.

The government further argues the Sixth Circuit's opinion expressly limited the Court's calculus to the period of time Defendant was legitimately ***recovering from surgery*** and unable to work. This would exclude any pre-surgical time off. While the government is correct that the

9

Sixth Circuit's opinion did expressly state this formula, it ignores the Sixth Circuit's reasoning that "the district court may not include in its calculation of a restitution award the worker's compensation payments to which Boring was legitimately entitled, since those do not constitute losses to the victim and thus are not properly the subject of restitution." Although the Magistrate Judge's Recommendation and this Court's assessment of the amount does not include pre surgical time off, nor does Defendant object to such limitation except for the period time time prior to the 2003 surgery discussed previously in this opinion, the Court does not agree with the government's reading of the Sixth Circuit opinion, finding it to be too restrictive an interpretation. As a general principle, the Sixth Circuit held that no restitution is owed for legitimate worker's compensation payments, regardless of whether they were for pre or post surgical work absence.

Therefore, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation with the sole modification of exempting from restitution payments an additional half week after each of Defendant's four surgeries.

IT IS SO ORDERED.

 S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

June 23, 2009